IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JACKEY RIDENOUR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No:. 1:17-cv-00763-ELH |
| B&H NEW AND USED | * | |
| AUTO PARTS, INC., *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR WAGES OWED AND REQUEST FOR HEARING

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants B&H New and Used Auto Parts, Inc. ("B&H"), Charmie Polansky, and Richard Polansky, by and through their undersigned counsel, respectfully move this Court to dismiss Plaintiff Jackey Ridenour's Complaint for Wages Owed for failure to state a claim upon which relief can be granted.

### Prefatory Statement

Defendant B&H is a family owned and operated auto sales and recycling facility in Elkton, Maryland.

Plaintiff is a former employee of B&H who was paid more than $70,000.00 per year, including a three to four month period of sick leave. Plaintiff quit his job as a manager to apply for disability, then wrongfully filed for unemployment, claiming to

have been terminated.  Plaintiff now files this frivolous suit for overtime to which he was and is not entitled.

Plaintiff claims an undisclosed amount of money for a failure to pay an undisclosed number of hours' worth of overtime, over an undisclosed period of time. Plaintiff has pled facts in his Complaint that show that he is exempt from, not entitled to, overtime pay.  This case should be dismissed.

Factual Background

Defendants give this factual background "accepting as true the well-pleaded facts in the complaint and viewing them in the light most favorable to the plaintiff." *See Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996) (noting the proper standard under a Rule 12(b)(6) motion to dismiss).  Defendants do not admit any of the "facts" alleged in the Complaint and summarized here.

Plaintiff, Jackey Ridenour, began working for B&H in or about the year 2000. Compl. ¶21.  Plaintiff worked at B&H for approximately fourteen years as a foreman,[1] and approximately another two years in other positions.  Compl. ¶21, 23.  Plaintiff was initially paid a salary of $52,000.00 per year.  Compl. ¶21.  In July of 2014, Plaintiff received a raise to $70,200.00 per year.  Compl. ¶22.

---

[1] Plaintiff is an exempt employee based on facts not appropriate for inclusion in a motion to dismiss.  These undisputed facts will be addressed in a later motion, if necessary.

B&H is "a private organization that is engaged in the business of buying and selling second hand automobiles and parts." Compl. ¶2. Defendants Charmie Polansky and her son Richard are the owner/operators of B&H. Compl. ¶¶3, 4.

In February of 2014, Plaintiff was transferred to the sales department. Compl. ¶23. While in the sales department, Plaintiff sold parts to buyers, if B&H had those parts in stock, and facilitated sales from other suppliers if B&H did not have the part. Compl. ¶28.

In October of 2014, Plaintiff was tasked with inventory and cataloguing auto parts. Compl. ¶24. While working inventory, Plaintiff handled parts, "logging each [car part] into the system," so that "the sales department [would] know what parts were available." Compl. ¶30. Plaintiff organized the parts so that they were more easily accessible for salesmen and "parts pullers." Compl. ¶30. For one month after working inventory, Plaintiff moved to "cleaning the yard" by "moving parts that had been pulled, cleaning up the debris . . .[,] and general upkeep." Compl. ¶31.

Starting in January of 2015, "Plaintiff became a general maintenance provider." Compl. ¶26. Plaintiff held that position for approximately eighteen months. Compl. ¶26. While working in "general maintenance," Plaintiff spent "a significant amount of time" "find[ing] and pull[ing] parts" for the salesmen. Compl. ¶32.

According to Plaintiff, he was terminated in July of 2016. Compl. ¶35. Plaintiff does not allege that this termination was improper. *See* Compl. ¶35.

Plaintiff states that, throughout his employment with B&H, his generally "8:00 a.m. to 5:00 p.m. Monday through Friday and from 8[:00] a.m. to 3[:00] p.m." on

Saturday and Sunday of every other weekend.  Compl. ¶27.  Plaintiff does not state

whether he received or took a break for lunch or was given months of unplanned, paid

sick leave.  Plaintiff thus alleges that his workweek was forty-five (45) hours on a normal

week, and sixty-three (63) hours when he worked the weekends.  Compl. ¶46.

Plaintiff filed the Complaint to recover an unspecified amount of overtime pay for

himself and those similarly situated.  Compl. p.14.  Plaintiff alleges violations of the

Federal Fair Labor Standards Act, codified at 29 U.S.C. §§201, *et seq.* ("FLSA"), and the

Maryland Wage and Hour Law ("MWHL") and the Maryland Wage Payment and

Collection Law ("MWPCL"), codified in sections 3-401, *et seq.*, and 3-501, *et seq.*,

respectively, of the Labor and Employment Article of the Maryland Code.  Plaintiff

further contends that the Defendants enacted unspecified "practices discussed above in

order to evade both Federal and Maryland wage laws."  Compl. ¶47.  Plaintiff makes

non-specific conclusory allegations in his "Introduction And Background" alleging a

"common scheme devised by Defendants to avoid paying Plaintiff and others similarly

situated."  Compl. p.2.  Plaintiff alleges no details of the purported scheme.

Argument

I.    Plaintiff Himself Admits That He Is An Exempt Employee

Federal Rule of Civil Procedure 12(b)(6) allows this Court to dismiss a complaint

for "failure to state a claim upon which relief can be granted."  Dismissal is appropriate

when, even "accepting as true the well-pleaded facts in the complaint and viewing them

in the light most favorable to the plaintiff, 'it appears to a certainty that the plaintiff would

be entitled to no relief under any state of facts which could be proved in support of his

- 4 -

claim.'" *Brooks*, 85 F.3d at 181 (quoting *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  Dismissal "is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Id.* (citing *Richmond, F. & P. R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993)).  Plaintiff's Complaint "clearly reveals the existence of a meritorious affirmative defense" in that Plaintiff alleges that he was an exempt employee. *Id.* "'[T]he application of an exemption under the [FLSA] is a matter of affirmative defense.'" *Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 92 (2008) (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974)).

Plaintiff Admits That He Was A "Partsperson " Or A "Salesperson," Exempt from Overtime Requirements

29 U.S.C. §213(b)(10)(A) exempts from the overtime requirements "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers." Maryland law similarly exempts "a mechanic, partsperson, or salesperson who primarily sells or services automobiles, farm equipment, trailers, or trucks, if the employer is engaged primarily in selling those vehicles to ultimate buyers and is not a manufacturer" from overtime requirements.  Md. Code Ann., Lab. & Empl. § 3-415(c)(2).  Plaintiff's complaint contains unambiguous admissions that he is an exempt employee. *See, e.g.*, Compl. ¶2; (B&H "is engaged in the business of buying and selling second hand automobiles and parts."); ¶20 ("Plaintiff . . . [was] employed by the Defendants to work

as salespersons); ¶¶28-32 (describing Plaintiff's job as alternatingly that of a salesman and a partsman).

In his complaint, Plaintiff has alleged that "Defendant[] B&H New & Used Auto Parts, Inc. is a private organization that is engaged in the business of buying and selling second hand automobiles and parts, in order to resell them as a whole or in part to consumers," and that Defendants Charmie Polansky and Richard Polansky are "the owner/operator[s] of B&H New & Used Auto Parts, Inc." Compl. ¶¶3, 4, 5.

The Plaintiff contends that B&H is in the business of acquiring and then selling automobiles, whole or in pieces, to consumers (Compl. ¶2), and this Court must accept that factual allegation as true. *See, e.g., Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("If the plaintiff voluntarily provides unnecessary facts in her complaint, the defendant may use those facts to demonstrate that she is not entitled to relief."). Plaintiff has thus alleged that "he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers" (29 U.S.C. §213(b)(10)(A)), and that "the employer is engaged primarily in selling those vehicles to ultimate buyers and is not a manufacturer" (Md. Code Ann., Lab. & Empl. § 3-415(c)(2)).

Plaintiff consistently describes duties consistent with bring a "partsperson." *See Dayton v. Coral Oldsmobile, Inc.*, 684 F. Supp. 290 (S.D. Fla. 1988). In *Dayton*, an employee was a "partsman" because most of his duties included "selling parts, taking orders over the phone from wholesale accounts, taking care of special orders, stocking them, handling the paperwork at that end, and the shipping and receiving type duties."

*Id.* at 291-92.  The employee's work involved "stocking shelves, sweeping floors,"

"ordering parts, . . . checking invoices," and handling the routine duties of the employees

in the department.  *Id.* at 292.  Plaintiff specifically alleges that he was a salesperson for

several months in 2014.  *See* Compl. ¶23 ("In approximately February, 2014, Plaintiff

was transferred to the sales department, where he continued to work for approximately

eight (8) months.").  Plaintiff also alleges that "Defendants employed Plainitff and others

similarly situated to work as salespeople."  Compl. ¶59.

      Plaintiff's description of his job is very similar to that described in *Dayton*.

Plaintiff reports that his duties ranged from "answering phone calls from customers"

(Compl. ¶28), "sell[ing] . . . parts to individuals" (Compl. ¶28), handling "delivery tickets

for those parts that were ordered" (Compl. ¶29), "performing inventory" (Compl. ¶30),

"cleaning the yard," (Compl. ¶31) and "general maintenance" (Compl ¶32).  Plaintiff's

duties were nearly identical to what the Court in *Dayton* found to be those of a

partsperson.  Both employees handled phone calls from customers.  Compl. ¶28; *Dayton*,

684 F. Supp. at 291.  Both employees spent some of their time doing general cleaning

and housekeeping duties.  Compl. ¶31; *Dayton*, 684 F. Supp. at 292.  Both employees

handled recordkeeping relating to parts sales, orders, and inventory.  Compl. ¶29, 30;

*Dayton*, 684 F. Supp. at 292.

      Even when Plaintiff alleges that he was "perform[ing] general maintenance," the

Plaintiff admits he was doing the duties of a partsman.  Compl. ¶32.  The Plaintiff alleges

he spent "a significant amount of time, depending on how many orders the salesm[e]n

had to fill in any given day," handling sales and parts tasks.  Compl. ¶32.  The requests

from salesmen utilized "Plaintiff's knowledge of vehicles and parts." *Compare* Compl. ¶32 (setting out Plaintiff's duties), *with Dayton*, 684 F. Supp. at 291-92 (setting out duties of a partsperson).

Plaintiff's description of his duties is an unambiguous admission that he is exempt from overtime laws. The Complaint for payment of overtime wages should be dismissed. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face.") (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (C.A.3 2001)).

II.   <u>Plaintiff Fails to Allege Facts That Would Entitle Him to Relief</u>

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) ("*Iqbal*") (quoting Fed. R. Civ. Pro. 8(a)(2)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

"[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" do defeat a motion to dismiss, as "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to *legal* conclusions." *Id.* (emphasis added) (citing *Twombly*, 550 U.S. at 555).

A complaint must "state[] a plausible claim for relief" to survive a motion to dismiss. *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). The pleader must do more than "allege," it must "show[] that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. Pro. 8(a)(2)).

A. Plaintiff's Legal Conclusions Are Not Assumed to Be True

In analyzing a complaint for specificity, the Court begins its "analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Plaintiff's complaint is primarily comprised of unsupported, bald conclusions of law. Paragraphs 5, 7, 8, 9, 48, 49, 60, 70, 71, 72, 73, 74, 76, 78, 81, 83, 84, 86, 88, 90, and 91 of the Complaint are entirely devoid of factual allegations and contain only naked legal conclusions. *See, e.g.*, Compl. ¶5 ("Due to the nature of their business, the Defendants are subject to the FLSA, MWHL[,] and MWPCL."); ¶91 ("Under the MWPCL, there is no bona fide dispute that Plaintiff is owed wages for work performed while employed by Defendants."). These allegations are not entitled to a presumption that they are true. *See Iqbal*, 556 U.S. at 680. The remainder of the allegations are fact mixed with legal conclusions. *See generally* Compl. The key component that Plaintiff fails to allege *is that Plaintiff is entitled to recover money from Defendants for unpaid overtime*.

B. Plaintiff Fails to Allege A Claim Pursuant to The FLSA

For the FLSA in particular, "The language of the FLSA's minimum wage and overtime compensation provisions establish the elements that should be alleged in order to survive a motion to dismiss." *Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007). "Where the plaintiff alleges violations of the FLSA's minimum and overtime wage provisions, the complaint should, at least approximately, allege the hours worked for which these wages were not received." *Id.* "Finally, where a plaintiff brings an FLSA claim 'for and in behalf of himself . . . and other employees similarly situated,' the complaint should indicate who those other employees are, and allege facts that would entitle them to relief." *Id.* (quoting FLSA § 216(b)). Plaintiff completely fails to allege "who those other employees are," much less "allege facts that would entitle them to relief." *Id.*

Plaintiff fails to allege how many hours of overtime he worked (or even provide a range). The Complaint fails to "at least approximately, allege the hours worked for which these wages were not received." *Zhong*, 498 F. Supp. 2d at 628. Plaintiff only contends that his "schedule consisted of anywhere from a forty-five (45) to a sixty-three (63) hour workweek, depending on the needs of the Defendants." Compl. ¶46. Plaintiff does not even discuss "the needs of the Defendants." Compl. ¶46. Even beyond this omission, Plaintiff has failed to set forth a claim to show that he, individually, is entitled to recover. [2]

---

[2] Plaintiff also fails to allege the timeframe during which he was supposedly underpaid. *See generally* Compl. Thus, Plaintiff has completely failed to demonstrate that he

C. Plaintiff's MWHL Claim Fails with His FLSA Claim

For the State law claims, Maryland considers the MWHL to be the "State parallel" to the FLSA in regulating overtime pay. *Newell v. Runnels*, 407 Md. 578, 649 (2009) ("The FLSA and its 'State parallel,' the MWHL, require that an employer 'pay an overtime wage of at least 1.5 times the usual hourly wage for each hour over 40 that [an] employee works during one workweek.'") (quoting *Friolo v. Frankel*, 373 Md. 501, 513 (2003)). For the reasons stated *supra*, Plaintiff's MWHL claim should be dismissed. *See* FLSA, *supra*, II.B.

D. Plaintiff's MWPCL Claim Fails with His FLSA And MWHL Claims

If Plaintiff cannot state a claim under the MWHL or the FLSA to unpaid wages, he may not avail himself of the MWPCL, because "there is no violation giving rise to an action under [the MWPCL] where wages have been paid in full for work that was performed prior to termination." *Battaglia v. Clinical Perfusionists, Inc.*, 338 Md. 352, 363 (1995). As the only unpaid wages mentioned are claimed missing overtime payments, the analysis for all three claims turns on whether Plaintiff has properly alleged he is entitled to unpaid overtime payments. He has not so alleged, and for that reason has not properly alleged unpaid wages pursuant to the MWPCL.

---

satisfies any statute of limitations concerns. *See, e.g.*, 29 U.S.C. §255 (setting the statute of limitations at two years, except in the case of willful violations, where the statute of limitations is three years).

Conclusion

The Plaintiff has failed to properly allege under any of the statutes that he is entitled to overtime pay. A complaint for wages owed under any of the three statutes Plaintiff contends were violated requires that a defendant violated the law and that the plaintiff be owed wages. *See* 29 U.S.C. §216(b) (creating a cause of action against an "employer who violates the" overtime provisions in the amount of double "the[] unpaid overtime compensation"); *see also* Md. Code Ann., Lab. & Empl. § 3-427(a) (allowing recovery of double "the difference between the wage paid to the employee and the wage required"), §3-507.2(a) (allowing suit for "unpaid wages" when "an employer fails to pay an employee").

Plaintiff has failed to show that he is entitled to relief by properly alleging that he is owed money by Plaintiffs. Plaintiff conclusorily alleges that he is "entitled to overtime under 29 U.S.C. §207(a)." Compl. ¶78. Plaintiff claims, without support, that "there is no bona fide dispute" that Plaintiff is owed money. Compl. ¶¶48, 80, 85, 91. This is "a naked assertion . . . without some further factual enhancement," and should be ignored. *Twombly*, 550 U.S. at 557. In paragraphs thirty-six (36) through forty-four (44), Plaintiff only sets forth "a formulaic recitation of the elements of a cause of action," without any specific facts entitling him to relief. *Twombly*, 550 U.S. at 555. As in *Twombly*, this "will not do." *Id.* Plaintiffs "recitals" are not enough to allow Plaintiff "'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Twombly* at 557-58 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

"[T]he complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)).  For the reasons stated, this Court should grant the Defendants' Motion to Dismiss Complaint for Wages Owed for a failure to state a claim upon which relief can be granted.

Respectfully Submitted,

                                  _____/S/_____

Rignal W. Baldwin V
Federal Bar No.: 30136
BaldwinLaw LLC
111 South Calvert Street
Suite 1805
Baltimore, Maryland  21202
Telephone: (410) 385-5695
Facsimile: (443) 703-7772
*Attorney for Defendants,*
*B&H New And Used Auto Parts, Inc.,*
*Charmie Polansky, and Richard Polansky*