IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JACKEY RIDENOUR,

    *Plaintiff*,

    v.

                            Civil Action No. ELH-17-763

B&H NEW & USED AUTO PARTS,
INC. et al.,

    *Defendants*.

**MEMORANDUM**

Plaintiff Jackey Ridenour, on behalf of himself and others similarly situated, filed suit against his former employer, B&H New & Used Auto Parts, Inc. ("B&H") and B&H's two owner-operators, Charmie and Richard Polansky.  ECF 1 (Complaint).  He alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count I); the Maryland Wage and Hour Law ("MWHL"), as amended, Md. Code (2016 Repl. Vol.), §§ 3-401 *et seq.* of the Labor and Employment Article ("L.E.") (Count II); and the Maryland Wage Payment and Collection Law ("MWPCL"), as amended, L.E. §§ 3-501 *et seq.* (Count III).

Plaintiff alleges that he worked for defendants from 2000 until his termination in July 2016.  ECF 1, ¶¶ 21, 26.  According to plaintiff, during his employment, he performed a number of jobs, including cataloguing parts, performing general maintenance, and assisting with sales. *Id.* ¶¶ 23-32.  According to plaintiff, he typically worked between 45 and 63 hours a week.  *Id.* ¶ 46.  In particular, he claims that he worked from 8:00 A.M. to 5:00 P.M., Monday through Friday, and every other weekend on both Saturday and Sunday from 8:00 A.M. to 3:00 P.M.  *Id.* ¶ 27.

Further, plaintiff states that he was paid $1,000 per week from the time he began his employment until July 2014, and that he was paid $1,350 per week from July 2014 until he was

fired. *Id.* ¶¶ 21-22.  Of import here, plaintiff maintains that he was not paid overtime for the hours he worked beyond 40 hours a week. *Id.* ¶ 33.  Moreover, plaintiff alleges that defendants were aware that plaintiff performed overtime work and were also aware that he did not receive overtime wages. *Id.* ¶¶ 54, 56.

Plaintiff also contends that there are other current and former employees of defendants who are similarly situated and were not paid overtime. *Id.* ¶¶ 61-66.  However, no other plaintiffs have yet joined the suit, and plaintiff has not moved for conditional certification. *See* Docket.

Now pending is defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), for failure to state a claim.  ECF 9.  The motion to dismiss is supported by a memorandum of law (ECF 9-1) (collectively, the "Motion").  Defendants also request a hearing.  ECF 9, ¶ 6.  Plaintiff opposes the Motion.  ECF 10.  Defendants replied.  ECF 11.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6.  For the reasons that follow, I shall deny the Motion.

## I.      The Wage Laws

Plaintiff claims that defendants violated the provisions of the FLSA and the MWHL by failing to pay him overtime compensation when he worked in excess of forty hours per week. ECF 1, ¶¶ 79, 84; *see* 29 U.S.C. § 207; L.E. § 3-414.  And, plaintiff claims that defendants violated the MWPCL by failing to pay him all wages due for work performed before plaintiff's termination.  ECF 1, ¶ 89; *see* L.E. § 3-505(a).

The FLSA provides that, for any hours worked in excess of forty hours per week, an employee shall "receive[] compensation for his employment . . . at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207.  Similarly, L.E. § 3-

415(a) provides that "each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage," and L.E. § 3-420(a) provides that overtime wages shall be computed "on the basis of each hour over 40 hours that an employee works during 1 workweek."

Further, 29 U.S.C. § 216(b) states:

> Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee . . . affected in the amount of . . . their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

Maryland law is to the same effect. It states that "[i]f an employer pays an employee less than the wage required under this subtitle, the employee may bring an action against the employer to recover the difference between the wage paid to the employee and the wage required under this subtitle," as well as for costs and attorney's fees. L.E. §§ 3-427(a), (d).

With regard to the payment of regular wages, the MWPCL provides, *inter alia*, that an employer "shall pay the employee all wages due upon termination." L.E. § 3-505(a). Moreover, L.E. § 3-507.1(a) authorizes an employee's cause of action against the employer.

## II.     Rule 12(b)(6) Standard

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).  That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017).  But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2).  *Twombly*, 550 U.S. at 555.  Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."  *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation.  *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).  If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient.  *Twombly*, 550 U.S. at 555.  Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely."  *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011).  But, a court is not required to accept legal conclusions drawn from the facts.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).  "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought.  *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

### III.   Discussion

In their Motion, defendants raise two primary arguments.  First, they assert that both the FLSA and Maryland wage laws do not apply to plaintiff, because the allegations in the Complaint itself reveal him to have been an exempt employee under the laws.  ECF 9-1 at 4-8. Second, defendants argue that plaintiff does not state a claim because he has not alleged, even approximately, how many hours of unpaid overtime he worked.  *Id.* at 10-11.  As discussed below, both of these arguments fail.[1]

According to defendants, the Complaint ""clearly reveals the existence of a meritorious affirmative defense,'" *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996),

---

[1] Defendants also contend that plaintiff's claims fail because they include conclusory allegations.  ECF 9-1 at 9.  However, the presence of conclusory allegations does not negate the presence of factual allegations, which the Complaint also includes.  *See A Society Without a Name*, 655 F.3d at 346.

because "Plaintiff alleges that he was an exempt employee." ECF 9-1 at 5. Under 29 U.S.C. § 213(b)(10)(A), the FLSA exempts from its overtime provisions "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles . . . if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers." The MWHL contains a similar exemption. L.E. § 3-415(c)(2).

Essentially, defendants argue that because plaintiff alleges that B&H "is engaged in the business of buying and selling second hand automobiles and parts" (ECF 1, ¶ 2), and because plaintiff alleges he worked for a time in the sales department (*id.* ¶¶ 28-29) and also occasionally helped other employees "pull parts" (*id.* ¶ 32), he is therefore "a salesman and a partsman." ECF 9-1 at 5-6. As support, defendants compare this case to a 1988 case from the Southern District of Florida, *Dayton v. Coral Oldsmobile, Inc.*, 684 F. Supp. 290 (S.D. Fla. 1988). In that case, which was resolved on summary judgment and not on a motion to dismiss (*id.* at 291), the court decided that the plaintiff was a partsman because he was established to have spent a substantial majority of his time performing the normal duties of a partsman (*id.*), and because he was paid on a salary-plus-commission basis. *Id.* at 292. Defendants in this case assert that plaintiff is also a partsman because his Complaint recounts that, for at least a brief period, he performed duties similar to those cited in *Dayton*. ECF 9-1 at 6-7.

This argument is meritless. The Fourth Circuit has long held that "FLSA exemptions are to be 'narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within [the exemptions'] terms and spirit.'" *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 564 F.3d 688, 692 (4th Cir. 2009) (quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960)). *See also Morrison v.*

*Cty. of Fairfax, VA*, 826 F.3d 758, 761 (4th Cir. 2016); *Wirtz v. Modern Trashmoval, Inc.*, 323 F.2d 451, 464 (4th Cir. 1963).  And, if an employer seeks to show that an employee is subject to one of the statutory exemptions, it must do so by clear and convincing evidence.  *Desmond*, 564 F.3d at 691; *see also Calderon v. GEICO Gen. Ins. Co.*, 809 F.3d 111, 121 (4th Cir. 2015), *cert. denied*, 137 S. Ct. 53 (2016).  Moreover, "[b]ecause an employee's exempt status is an affirmative defense that [an employer] must prove, it cannot ordinarily be determined on a Rule 12(b)(6) motion to dismiss for failure to state a claim."  *McLaughlin v. Murphy*, 372 F. Supp. 2d 465, 470 (D. Md. 2004) (citing *Paukstis v. Kenwood Golf & Country Club*, 241 F. Supp. 2d 551, 557-58 (D. Md. 2003)).

Defendants maintain that the exemption is apparent from the face of the Complaint.  ECF 9-1 at 5.  I disagree.  It is not clear from the Complaint that plaintiff actually worked as a salesman or a partsman, even if he worked with other employees who were.  *See* ECF 1, ¶¶ 28-30.  Moreover, even if he were at one point a salesman or partsman during his employment, plaintiff has also alleged periods of time in which he did not have those duties.  *Id.* ¶¶ 31-32.  In any event, I cannot conclude at this juncture that plaintiff's work was "'plainly and unmistakably within [the exemptions'] terms and spirit.'"  *Desmond*, 564 F.3d at 692 (citation omitted).

Defendants' second argument, regarding plaintiff's failure to specify the number of hours he worked, also fails.  Defendants cite a 2007 case from the Southern District of New York for the proposition that "the complaint should, at least approximately, allege the hours worked for which [overtime] wages were not received."  *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007).  According to defendants, plaintiff's allegation that his "schedule consisted of anywhere from a forty-five (45) to a sixty-three (63) hour workweek" is fatally

insufficient.  ECF 9-1 at 10.  Defendants assert that plaintiff's MWHL claim fails for the same reason.  *Id.* at 11.

The Fourth Circuit has said otherwise.  "[T]o make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium for those overtime hours."  *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017), *petition for cert. filed*, 86 U.S.L.W. 125 (U.S. June 6, 2017) (No. 16-1449).  "A plaintiff may meet this initial standard 'by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, *or any other facts* that will permit the court to find plausibility.'"  *Id.* (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), *as amended* (Jan. 26, 2015) (emphasis in *Hall*).

Here, plaintiff has alleged that he typically worked Monday through Friday for nine hours a day, and every other weekend for seven hours per weekend day.  ECF 1, ¶ 27.  He has alleged that he was paid at a rate of $1,000 per week and then later at the rate of $1,350 per week.  *Id.* ¶¶ 21-22.  In addition, he has alleged that he was never paid overtime for the work he performed above and beyond a 40 hour week.  *Id.* ¶ 33.  These are all "facts that will permit the court to find plausibility."  *Hall*, 846 F.3d at 777 (emphasis and citations omitted); s*ee also Peterson v. M.J.J., Inc.*, JKB-16-3629, 2017 WL 4098755, at *4-5 (D. Md. Sept. 13, 2017); *Cartagena v. SJR Lawncare, LLC*, GLR-16-0633, 2017 WL 4151185, at *3 (D. Md. Feb. 10, 2017).  As a result, plaintiff's FLSA claim survives the Motion.

Because the MWHL is "the State parallel" to the FLSA, *Friolo v. Frankel*, 373 Md. 501, 513, 819 A.2d 354, 361 (2003), and its pleading requirements "mirror those of the federal law,"

*Turner v. Human Genome Sci., Inc.*, 292 F. Supp. 2d 738, 744 (D. Md. 2003), plaintiff's MWHL claim also survives defendants' Motion.  And, plaintiff's claim under the MWPCL carries on, as well.  *See Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 653, 97 A.3d 621, 625 (2014) (citing *Friolo*, 373 Md. at 515, 819 A.2d at 362).

### IV.    Conclusion

For the reasons stated above, I shall DENY defendants' motion to dismiss.  An Order follows, consistent with this Memorandum.


Date:   December 8, 2017                                      _____/s/_____
                                                                                          Ellen Lipton Hollander
                                                                                          United States District Judge